**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katrin Nicole Henry, | No. CV-26-00050-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, | |
| Defendant. | |

Plaintiff Katrin Nicole Henry initiated this action on January 27, 2026, by filing a pro se Complaint (Doc. 1), and an Application for Leave to Proceed in Forma Pauperis (Doc. 2).  Plaintiff later filed an Amended Application for Leave to Proceed in Forma Pauperis.  (Doc. 7.)  Due to numerous discrepancies between the financial disclosures in the original Application and the Amended Application, the Court denied the Amended Application with leave for Plaintiff to refile an application that explained the discrepancies. (Doc. 8.)  Plaintiff then filed a Second Amended Application for Leave to Proceed in Forma Pauperis (Doc. 9), along with a Declaration (Doc. 9-1), and a copy of her 2025 income tax return (Doc. 10).  Plaintiff has also filed a Motion for Extension of Time to Complete Service of Process (Doc. 12) and a Motion to Stay (Doc. 14).

For the following reasons, the Court will grant Plaintiff's Second Amended Application for Leave to Proceed in Forma Pauperis, deny as moot her Motion for Extension of Time to Complete Service of Process and Motion to Stay, and dismiss her Complaint with leave to amend.

### I.     Application for Leave to Proceed in Forma Pauperis

The Court may authorize the commencement and prosecution of any action without prepayment of fees if a litigant submits an affidavit showing that she is unable to pay the fees. 28 U.S.C. § 1915(a)(1).  The Court finds that Plaintiff has adequately explained the discrepancies between her Applications for Leave to Proceed in Forma Pauperis, and that she has adequately demonstrated that she is unable to pay the filing fees for this action. Accordingly, the Court will grant Plaintiff's Second Amended Application for Leave to Proceed in Forma Pauperis.

### II.     Motion for Extension of Time to Complete Service of Process and Motion to Stay

Plaintiff asks the Court to extend her deadline for completing service of process (Doc. 12) and to stay any dismissal deadlines (Doc. 14).

When a plaintiff is authorized to proceed in forma pauperis, the Court will order the United States Marshals Service ("USMS") to complete service of process on the plaintiff's behalf.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). However, as discussed below, Plaintiff's Complaint is being dismissed on screening under 28 U.S.C. § 1915(e)(2). Accordingly, the Court will not direct USMS to complete service of process at this time. If Plaintiff files an amended complaint and the Court determines that the amended complaint states a claim on which relief may be granted, the Court will at that time issue a service order setting a deadline to effect service.

Because the Court will order USMS to complete service of process if and when Plaintiff files a complaint that survives screening under § 1915(e)(2), the Court will deny as moot Plaintiff's Motion for Extension of Time to Complete Service of Process and Motion to Stay.

### III.     Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. §

1915(e)(2). Section 1915(e) "applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a complaint could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

## IV.     Plaintiff's Complaint

Plaintiff, a former student at the University of Arizona College of Pharmacy, alleges in her Complaint that faculty and staff at the College of Pharmacy discriminated against her because she refused the COVID-19 vaccine for religious reasons; that an instructor made unwanted sexual advances toward and retaliated against her; that another instructor misinterpreted a get-well bouquet as inappropriate, then retaliated against and stalked Plaintiff; that University employees failed to accommodate Plaintiff after she injured herself in a fall on a staircase; and that the College of Pharmacy expelled Plaintiff based on failing grades without timely posting grades or offering an adequate grade appeal process. (Doc. 1.)  Plaintiff seeks monetary damages, forgiveness of her student loans, and removal of complaints, concerns, and non-passing grades from her school records. (*Id.* at 27-28.)[1]

Plaintiff lists only the Arizona Board of Regents as a named defendant, but in the first numbered paragraph of the Complaint, she refers to "defendants" in the plural, and she states that she is suing not only the Arizona Board of Regents but also the College of Pharmacy and the University of Arizona. (Doc. 1 at 1-3.)  Furthermore, Plaintiff identifies numerous individuals by name in the factual allegations of the Complaint, and it is unclear whether she is intending to include any of those individuals as defendants in this action.

The Complaint purports to bring four causes of action, but each count bundles together numerous distinct legal theories.  In the First Cause of Action, Plaintiff alleges religious discrimination, retaliation, and defamation, in violation of the First Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Emergency Use Authorization for the COVID-19 Vaccine ("EUA"), Arizona Attorney General Opinion No. 121-007, the Arizona Civil Rights Act, Arizona Executive Order 2021-15, the University Nondiscrimination and Anti-Harassment Policy, and the University HIPPA Policy.  (Doc. 1 at 3, 24-25 ¶¶ 1, 121-124.)  In the Second Cause of Action, Plaintiff alleges sexual harassment and retaliation in violation of Title VII and the

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

Arizona Civil Rights Act.  (*Id.* at 5, 25-26 ¶¶ 11, 125-130.)  In the Third Cause of Action, Plaintiff alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the 2022 CDC Clinical Guidance for COVID-19 Vaccination, and the University ADA/504 Compliance Policy.  (*Id.* at 6, 26 ¶¶ 15, 131-134.)  In the Fourth Cause of Action, Plaintiff alleges violations of the Fourteenth Amendment to the United States Constitution and the University Grade Appeal Policy.  (*Id.* at 726-27 ¶¶ 23, 135-138.)  The Complaint includes 84 paragraphs of "Facts Common to All Accounts [sic]," and each Count purports to incorporate all preceding allegations.

### V.    Discussion

A complaint is properly characterized as a shotgun pleading if: (1) it contains multiple counts, with each count adopting the allegations of all preceding counts, "causing each successive count to be a combination of the entire complaint"; (2) it contains numerous "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) it fails to separate each cause of action or claim for relief into a distinct count; or (4) it "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026).  "[D]istrict courts do not have to accept such shotgun pleadings," as "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289.

Here, Plaintiff has lumped numerous legal theories together in each Count and has failed to clearly articulate which factual allegations support which specific claims.[2] Plaintiff's Complaint is an impermissible shotgun pleading that fails to provide sufficient notice of Plaintiff's claims and their basis.  The Complaint does not comply with Rule 8's requirement of providing a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Court will accordingly dismiss Plaintiff's

---

[2] Furthermore, as discussed above, Plaintiff has listed only the Arizona Board of Regents as a named defendant, but it is not entirely clear if she is intending to also sue other entities or individuals.

Complaint with leave to amend.

The Court notes that the following legal defects in the Complaint cannot be cured by amendment.  First, the Arizona Board of Regents is treated as an arm of the State and is not a "person" subject to damages liability under 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."); *Kay v. Likins*, 160 F. App'x 605, 607 (9th Cir. 2005) ("The University of Arizona is an 'arm' of the State," and "neither the school nor the Arizona Board of Regents . . . may be sued under § 1983").  Second, the EUA, internal University policies, Arizona Executive Order, Arizona Attorney General Opinion, and CDC guidance referenced in the Complaint do not create private causes of action.  Accordingly, the Complaint will be dismissed with prejudice to the extent it asserts § 1983 claims for damages against the Arizona Board of Regents, and to the extent it asserts claims directly under the EUA, internal University policies, Arizona Attorney General Opinion No. 121-007, Arizona Executive Order 2021-15, and CDC guidance.  Because these claims are dismissed with prejudice, Plaintiff may not re-assert them in an amended complaint.

## VI.    Leave to Amend

Plaintiff may file an amended complaint within thirty days.  An amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original Complaint and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, she must clearly separate her legal claims, identify which specific facts support each specific claim, specifically name each defendant that is being sued, state exactly what each defendant did or failed to do, and explain what specific injury Plaintiff suffered because of each defendant's conduct.  Conclusory allegations that a defendant or group of defendants violated the law are not acceptable and

will be dismissed.[3]

## VII.    Warnings

If Plaintiff's address changes, she must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that Plaintiff's Second Amended Application for Leave to Proceed in Forma Pauperis (Doc. 9) is **granted**.  Plaintiff is granted leave to proceed in this action without pre-paying the filing fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 12) and Motion to Stay (Doc. 14) are **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed with leave to amend**, as set forth above.  Plaintiff may file an amended complaint correcting the deficiencies addressed herein within **thirty (30) days** of the date this Order is filed.  If Plaintiff fails to file an amended complaint within thirty days, the Clerk of Court is directed to dismiss this action without prejudice and without further notice to Plaintiff.

Dated this 24th day of April, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

---

[3] Plaintiff may wish to review the Court's informational Handbook for Self-Represented Litigants, available at https://www.azd.uscourts.gov/handbook-self-represented-litigants, prior to submitting an amended complaint.  Plaintiff is also advised that the Court and the Step Up to Justice Pro Bono Law Center have collaborated to offer a free, advice-only clinic to the public.  More information is available at https://www.azd.uscourts.gov/federal-court-advice-only-clinic-phoenix [https://perma.cc/P2FA-X68N].