Katrin Henry
12155 E Calle Entrada
Yuma, AZ 85367
(928) 259-6323
Inbox.khenry@gmail.com
*Plaintiff, Pro Se*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KATRIN NICOLE HENRY<br>Plaintiff,<br>v.<br>RICK SCHNELLMAN, in his individual capacity and official capacity for prospective injunctive relief; JANET COOLEY, in her individual capacity and official capacity for prospective injunctive relief; JEANNIE LEE, in her individual capacity and official capacity for prospective injunctive relief; THE ARIZONA BOARD OF REGENTS the GOVERNING BOARD OF AND FOR THE UNIVERSITY OF ARIZONA, solely for claims permitted by law and prospective equitable relief; Unknown Officials.<br>Defendants. | Case No. CV-26-00050-TUC-RM<br><br>**AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. Plaintiff Katrin Nicole Henry brings this action for violations of the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, and related Arizona state law.
2. Plaintiff was enrolled as a student in the University of Arizona College of Pharmacy from approximately August 2019 through May 2025.
3. Plaintiff alleges Defendants discriminated and retaliated against Plaintiff because of Plaintiff's sincerely held religious beliefs concerning COVID-19 vaccination and disclosure of vaccination status, denied Plaintiff meaningful access to academic appeal procedures, and failed to reasonably accommodate Plaintiff's disability.
4. Plaintiff further alleges Defendants interfered with Plaintiff's clinical placements, delayed or denied appeal rights, maintained false and defamatory records concerning Plaintiff, and impaired Plaintiff's ability to pursue postgraduate educational and employment opportunities.
5. Plaintiff does not assert claims directly under University policies, CDC guidance, Arizona Executive Order 2021-15, Arizona Attorney General Opinion No. I21-007, or the Emergency Use Authorization statute.
6. Plaintiff does not seek damages against Defendant Arizona Board of Regents under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.
8. This Court has supplemental jurisdiction over related Arizona state-law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in Arizona.

**EQUITABLE TOLLING**

10. Plaintiff did not have access to internal University communications and records concerning Plaintiff until approximately January 2025 when Plaintiff obtained FERPA-related records and additional information concerning internal "concerns" and communications.

11. Plaintiff alleges relevant information concerning the reasons for adverse academic and clinical decisions was concealed within internal University systems and communications not reasonably accessible to Plaintiff earlier.

12. Plaintiff exercised reasonable diligence in attempting to obtain educational records, internal communications, and information concerning the basis for Defendants' actions.

**PARTIES**

13. Plaintiff Katrin Nicole Henry is a resident of Yuma, Arizona.

14. Plaintiff earned degrees in chemistry, mathematics, engineering, physics, and legal studies before matriculating into the University of Arizona College of Pharmacy.

15. Plaintiff worked in pharmacy settings and participated in rural-health educational programs associated with the College of Pharmacy.

16. Defendant Rick Schnellman was Dean of the University of Arizona College of Pharmacy and exercised authority over academic progression, disciplinary procedures, appeals, and student academic administration.

17. Defendant Rick Schnellman is sued in his individual capacity and official capacity solely for prospective injunctive relief.

18. Defendant Janet Cooley participated in experiential education, academic progression decisions, grade-posting issues, clinical placement issues, and maintenance of records concerning Plaintiff.

19. Defendant Janet Cooley is sued in her individual capacity and official capacity solely for prospective injunctive relief.
20. Defendant Jeannie Lee held an administrative position within the College of Pharmacy and participated in or possessed knowledge concerning Plaintiff's leave of absence, academic progression, disability-related circumstances, and procedural issues.
21. Defendant Jeannie Lee is sued in her individual capacity and official capacity solely for prospective injunctive relief.
22. Defendant Arizona Board of Regents is the governing body for the University of Arizona and is included solely for prospective equitable relief and claims permitted by law.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

23. Plaintiff enrolled in the University of Arizona College of Pharmacy around August 2019.
24. Plaintiff became involved with the Christian Pharmacists Fellowship International student organization and later served in a leadership role.
25. Plaintiff alleges Defendant Jeannie Lee scrutinized Plaintiff's participation in Christian student activities in a manner not directed toward similarly situated secular student organizations.
26. Plaintiff alleges Defendant Janet Cooley identified Plaintiff as the only student out of approximately 522 students who had not provided proof of COVID-19 vaccination.
27. Plaintiff objected to disclosure of vaccination status and COVID-19 vaccination requirements because of sincere religious beliefs and medical concerns.
28. Plaintiff alleges University personnel repeatedly warned Plaintiff that Plaintiff risked losing rotations, delaying graduation, or losing educational opportunities if Plaintiff did not provide vaccination-related documentation.

29. Plaintiff alleges Plaintiff thereafter experienced increased scrutiny regarding clinical placements, progression issues, and academic matters.
30. Plaintiff alleges Plaintiff lost or was denied multiple clinical opportunities after asserting objections relating to vaccination disclosure and accommodation issues.
31. Plaintiff alleges the Academic Progression Committee policy permitted discretionary outcomes after non-passing grades, including either remediation opportunities or expulsion.
32. Plaintiff alleges Defendants applied academic progression policies more harshly against Plaintiff than against similarly situated students by repeatedly pursuing expulsion rather than remediation.
33. Plaintiff alleges Plaintiff was subjected to multiple academic dismissal proceedings.
34. Plaintiff alleges University policies represented that students possessed access to academic appeal procedures and grade-review procedures.
35. Plaintiff alleges Plaintiff repeatedly requested information concerning appeal rights and review procedures.
36. Plaintiff alleges Plaintiff was not informed of meaningful procedures to challenge grades and dismissal decisions.
37. Plaintiff alleges grades and dismissal-related decisions were delayed or withheld in ways that interfered with Plaintiff's ability to timely pursue appeals.
38. Plaintiff alleges Plaintiff was academically dismissed before receiving a final failing grade supporting the dismissal decision.
39. Plaintiff alleges Defendant Rick Schnellman directed Plaintiff to repeat coursework rather than providing meaningful access to academic review procedures.
40. Plaintiff alleges Plaintiff later used the Registrar's grade-appeal process and succeeded in removing at least one failing grade from Plaintiff's transcript.

41. Plaintiff alleges Plaintiff suffered a physical injury after falling down stairs and thereafter experienced difficulties involving walking, standing, concentration, and physical functioning.

42. Plaintiff informed University personnel and faculty concerning the injury and related limitations.

43. Plaintiff alleges Defendants were aware Plaintiff took a medical leave of absence and intended to return to the program.

44. Plaintiff alleges Defendants failed to reasonably accommodate Plaintiff's disability and instead continued adverse educational and disciplinary actions.

45. Plaintiff alleges at least one clinical rotation was cancelled after disclosure of Plaintiff's disability and accommodation needs.

46. Plaintiff alleges Defendant Janet Cooley and others maintained "concerns" and comments concerning Plaintiff within CORE Elms and related University systems.

47. Plaintiff alleges the comments portrayed Plaintiff as imposing beliefs on others, making disparaging comments about the school, being problematic, or otherwise unsuitable for professional participation.

48. Plaintiff alleges the comments were false, misleading, materially incomplete, retaliatory, and inconsistent with Plaintiff's actual conduct.

49. Plaintiff alleges the records and comments were accessible to University personnel, instructors, University affiliates, and rotation-related personnel.

50. Plaintiff alleges the comments and records caused Plaintiff to lose at least two clinical rotations and impaired Plaintiff's ability to pursue employment opportunities.

51. Plaintiff alleges the records continue to impair Plaintiff's professional reputation and employment opportunities.

52. Plaintiff alleges Plaintiff suffered educational harm, delayed graduation, reputational injury, emotional distress, financial losses, and interference with professional opportunities.

**FIRST CAUSE OF ACTION**

**First Amendment Free Exercise and 42 U.S.C. § 1983**

**(Against Defendants Rick Schnellman, Janet Cooley, and Jeannie Lee)**

53. Plaintiff incorporates paragraphs 1 through 52.

54. Plaintiff held sincere religious beliefs concerning COVID-19 vaccination and disclosure of vaccination status.

55. Defendants acted under color of state law.

56. Defendants substantially burdened Plaintiff's religious exercise by conditioning educational and clinical opportunities on vaccination-related disclosure and compliance.

57. Plaintiff alleges Defendants interfered with Plaintiff's clinical placements, progression opportunities, and educational standing after Plaintiff asserted religious objections.

58. Plaintiff alleges Defendant Janet Cooley identified Plaintiff as the only student who had not provided proof of vaccination and thereafter participated in adverse academic and clinical actions affecting Plaintiff.

59. Plaintiff alleges Defendants selectively and inconsistently applied educational and progression policies against Plaintiff.

60. Plaintiff suffered educational, reputational, emotional, and financial harm.

**SECOND CAUSE OF ACTION**

**First Amendment Retaliation and 42 U.S.C. § 1983**

**(Against Defendants Rick Schnellman, Janet Cooley, and Jeannie Lee)**

61. Plaintiff incorporates paragraphs 1 through 60.

62. Plaintiff engaged in protected activity by asserting religious objections, requesting accommodations, participating in Christian student activities, objecting to Defendants' actions, and pursuing academic complaints and appeals.

63. After Plaintiff engaged in protected activity, Defendants subjected Plaintiff to adverse educational and academic actions.

64. Plaintiff alleges Defendants interfered with clinical placements, maintained adverse records concerning Plaintiff, delayed appeal access, imposed academic consequences, and impaired Plaintiff's educational opportunities.

65. Plaintiff alleges Plaintiff's protected conduct was a substantial or motivating factor in Defendants' actions.

66. Plaintiff suffered damages as a result.

**THIRD CAUSE OF ACTION**

**Americans with Disabilities Act and Rehabilitation Act**

**(Against Arizona Board of Regents and Appropriate Officials for Prospective Equitable Relief)**

67. Plaintiff incorporates paragraphs 1 through 66.

68. Plaintiff possessed physical impairments affecting mobility, concentration, standing, and physical functioning.

69. Plaintiff was otherwise qualified to participate in the educational program with reasonable accommodation.

70. Defendants were aware of Plaintiff's disability and accommodation-related needs.

71. Defendants failed to provide reasonable accommodation and denied Plaintiff equal access to educational opportunities.

72. Plaintiff alleges Defendants interfered with or cancelled educational and clinical opportunities after learning of Plaintiff's disability.

73. Plaintiff suffered educational delay, emotional distress, financial harm, and reputational injury.

**FOURTH CAUSE OF ACTION**

**Fourteenth Amendment Procedural Due Process and 42 U.S.C. § 1983**

**(Against Defendants Rick Schnellman and Jeannie Lee)**

74. Plaintiff incorporates paragraphs 1 through 73.

75. Plaintiff possessed protected interests in continued enrollment, fair academic procedures, and meaningful access to review and appeal procedures represented by University policy.
76. Defendants acted under color of state law.
77. Defendant Rick Schnellman possessed authority over academic administration and appeal-related matters within the College of Pharmacy.
78. Defendant Jeannie Lee possessed administrative authority and knowledge concerning Plaintiff's academic progression and procedural circumstances.
79. Plaintiff repeatedly sought information concerning appeal rights and review procedures.
80. Plaintiff alleges Defendants failed to provide meaningful notice concerning available appeal procedures.
81. Plaintiff alleges grades and dismissal decisions were delayed or structured in ways that interfered with Plaintiff's ability to challenge adverse decisions.
82. Plaintiff alleges Plaintiff was academically dismissed before receiving a final grade supporting dismissal.
83. Plaintiff alleges no meaningful review mechanism was made available despite representations that appeal procedures existed.
84. Plaintiff suffered educational, reputational, financial, and emotional harm.

**FIFTH CAUSE OF ACTION**

**Defamation and False Light**

**(Against Defendant Janet Cooley)**

85. Plaintiff incorporates paragraphs 1 through 84.
86. Plaintiff alleges Defendant Janet Cooley published, maintained, approved, and/or permitted false statements, comments, "concerns," and evaluations concerning Plaintiff within CORE Elms and related University systems.
87. Plaintiff alleges the statements portrayed Plaintiff as unprofessional, disruptive, improperly imposing beliefs on others, making disparaging comments about the

school, and otherwise unsuitable for clinical participation and professional advancement.

88. Plaintiff alleges the statements were false, misleading, materially incomplete, retaliatory, and inconsistent with Plaintiff's actual conduct.

89. Plaintiff alleges Plaintiff's communications consisted of protected complaints, accommodation requests, academic advocacy, and objections to discriminatory treatment rather than professional misconduct.

90. Plaintiff alleges Defendant Janet Cooley communicated and/or allowed the statements to remain visible to University personnel, University affiliates, instructors, and rotation-related personnel involved in Plaintiff's educational progression and professional opportunities.

91. Plaintiff alleges Defendant Janet Cooley knew or reasonably should have known the statements were false, misleading, or materially incomplete.

92. Plaintiff alleges the records and comments caused Plaintiff to lose at least two clinical rotations, damaged Plaintiff's professional reputation, interfered with employment opportunities, and continue to impair Plaintiff's ability to obtain pharmacy employment.

93. Plaintiff alleges the continued maintenance and publication of the records places Plaintiff in a false light highly offensive to a reasonable person pursuing professional licensure and employment.

94. Plaintiff suffered reputational injury, emotional distress, educational harm, and economic damages.

95. Plaintiff alleges compliance with all applicable notice requirements to the extent required by Arizona law or, alternatively, alleges equitable tolling, delayed discovery, and continuing publication of defamatory records.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Declaratory relief that Defendants violated Plaintiff's constitutional and statutory rights;

B. Prospective injunctive relief requiring meaningful access to academic review and appeal procedures consistent with due process;

C. Injunctive relief requiring removal, correction, expungement, sealing, and/or cessation of reliance upon false, retaliatory, discriminatory, defamatory, and misleading "concerns," comments, evaluations, and records concerning Plaintiff;

D. Injunctive relief prohibiting continued dissemination of false or defamatory records concerning Plaintiff;

E. Injunctive relief restoring Plaintiff's eligibility to pursue clinical, educational, postgraduate, residency, and professional opportunities on a nondiscriminatory basis;

F. Compensatory damages against individual defendants where permitted by law;

G. General damages for reputational injury, educational harm, emotional distress, and financial losses;

H. Punitive damages against individual defendants where permitted by law;

I. Costs and fees where permitted by law;

J. Such other and further relief as the Court deems just and proper.

DATED: May 26, 2026

By: /s/Katrin Henry

Katrin Henry

Pro Se